**IT IS ORDERED as set forth below:**



**Date: July 3, 2025**

_Susan D. Barrett_

United States Bankruptcy Judge
Southern District of Georgia

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Involuntary Chapter 7 Case |
| | ) | Number 25-10257 |
| REMODELERS WAREHOUSE, | ) | |
| Alleged Debtor. | ) | |
| —————————————————— | ) | |
| | ) | |
| TINA CARTER and JAMES S. FALLER, II, | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REMODELERS WAREHOUSE, | ) | |
| Alleged Debtor. | ) | |
| —————————————————— | ) | |

## **OPINION AND ORDER**

Before the Court is Tina Carter and James S. Faller, II's (collectively, "Petitioners") Motion to

Disqualify Counsel ("Motion") Bowen Klosinski and the law firm of Klosinski Overstreet, LLP

("Klosinski Overstreet") from representing Remodelers Warehouse ("Remodelers"), the alleged debtor

in this involuntary bankruptcy proceeding filed by Petitioners.  Dckt. Nos. 1 and 22.  Remodelers and Petitioners have filed supplemental pleadings and responses to the Motion.  Dckt. Nos. 25, 26, 38, 41. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  For the following reasons, the Motion is DENIED.

## FINDINGS OF FACT

1. Petitioners initiated an involuntary bankruptcy case against Remodelers on April 24, 2025.  Dckt. No. 1.

2. Remodelers is represented by Bowen Klosinski of Klosinski Overstreet.  Dckt. No. 9 at 1.

3. Bowen Klosinski is the son of attorney Scott Klosinski.

4. Petitioners allege attorney Scott Klosinski, Senior Partner of Klosinski Overstreet, previously represented Petitioner James S. Faller, II ("Mr. Faller"), his late wife (Tanya Faller), and Mr. Faller's company (Cyberair, Inc.), in numerous matters; and that these prior representations require the disqualification of Bowen Klosinski and Klosinski Overstreet from representing Remodelers in the current action.  Dckt. No. 22 at 1–2; Dckt. No. 26 at 2; see Dckt. No. 25 ¶2.

5. Petitioners state Scott Klosinski's previous representation involved:

   a. Six bankruptcies filed by Tanya Faller, all filed before 2001;
   b. Two bankruptcies filed by Cyberair in 1997; and
   c. "[O]ngoing legal advice to Faller himself, including in federal litigation as recently as 2010."[1]

   (collectively, "Previous Cases").  Dckt. No. 22 at 1–2; Dckt. No. 26 at 1–2.

6. According to Petitioners, "[t]hese representations involved sensitive financial and legal strategies directly tied to Petitioners' business structure, assets, and defenses.  The current matter [with

---

[1]  At the hearing, Mr. Faller said this representation actually was ongoing as late as 2015.

Remodelers] involves similar issues—including allegations of asset manipulation and debt evasion." Dckt. No. 26 at 2.

7. Petitioners' Motion further identifies the purported conflict as:

> [Scott Klosinski] represented [Mr. Faller's] late wife and [Mr. Faller] as well as two corporations [they] owned . . . . [He] represented [Mr. Faller] in multiple bankruptcies, two corporate issues when the government came after [Mr. Faller] and he represented the issues regarding [the Fallers'] home that ultimately resulted in a foreclosure, all while he interacted with [Mr. Faller's] other counsel who [was] trying to stop the government attacks. He also represented [Mr. Faller] regarding an airplane that [they] put into bankruptcy to recover . . . .

Dckt. No. 22 at 4.

8. Petitioners contend "[t]he overlap in subject matter, factual background, and parties involved makes the relationship substantially related" and requires Bowen Klosinski's disqualification "under Rule 1.9(b)." Dckt. No. 26 at 2.

9. At the hearing, Petitioners acknowledged Remodelers was not a party to, involved in, or a creditor/payor in the Previous Cases.

10. Petitioners also contend Bowen Klosinski will be a material witness in the current case because he "[e]ngaged in direct negotiations with Petitioners; [a]dvised one of the Petitioners regarding settlement; [a]dmitted in writing to representing a dissolved entity; [and] [i]ssued correspondence and checks to one Petitioner personally." Dckt. No. 26 at 2 (emphasis omitted).

11. Bowen Klosinski acknowledges the previous representation but contends there are no grounds for disqualification. See Dckt. No. 38 ¶¶15, 21.

3

## CONCLUSIONS OF LAW

Petitioners contend Bowen Klosinski and the law firm of Klosinski Overstreet are disqualified from representing Remodelers because of Scott Klosinski's prior representation in the Previous Cases. After considering the matter, and for the following reasons, the Court denies the Motion.

As previous courts have described:

Generally, a party is entitled to the counsel of his choice. As the Eleventh Circuit Court of Appeals explained, "Because a party is presumptably entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist. A disqualification order is a harsh sanction, often working substantial hardship on the client and should therefore be resorted to sparingly." Herrmann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Cir. 2006). However, the right to choose counsel "must be balanced against the need to maintain the highest standards of the profession." Id.

A lawyer has many responsibilities, the most important of which is to carry out his or her duties ethically and responsibly. There are two main ethical duties: the duty of confidentiality and the duty of loyalty. The first, the lawyer's duty of confidentiality, fosters full and open communication between client and counsel. See Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 689 (9th Cir. BAP 2006). The second, the duty of undivided loyalty to the client, is necessary, not only to protect the client but also to preserve public trust in the scrupulous administration of justice and the integrity of the bar. Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 689 (9th Cir. BAP 2006) (citation omitted). When determining whether to disqualify counsel, a court must balance competing interests, namely a client's right to choose counsel against these ethical duties. See Adkins v. Hosp. Auth. of Hous. Cnty., Case No. 5:04-CV-80, 2009 WL 3428788, *6, 2009 U.S. Dist. LEXIS 97361 (M.D. Ga. Oct. 20, 2009) (citing Nuri v. PRC, Inc., 5 F. Supp. 2d 1299, 1303 (M.D. Ala. 1998)).

A party bringing a motion to disqualify bears the burden of proving the grounds for disqualification. In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). The moving party must have "compelling reasons" to disqualify counsel. Id. Doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification. Westinghouse Electric Corp. v. Gulf Oil Corp., 588 F.2d 221, 225 (7th Cir. 1978).

In re Galardi, 644 B.R. 65, 70–71 (Bankr. M.D. Ga. 2022) (quoting In re Cabe & Cato, Inc., 524 B.R. 870, 877–78 (Bankr. N.D. Ga. 2014)).

Petitioners contend Bowen Klosinski and Klosinski Overstreet should be disqualified pursuant to the Professional Rules of Conduct 1.7, 1.9, 1.10, and 3.7.[2]  Rule 1.7(a) of the Georgia Rules of Professional Conduct provides in relevant part "[a] lawyer shall not represent or continue to represent a client if there is a **significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client** . . . .  Ga. R. of Prof'l Conduct 1.7(a) (emphasis added).

The prior representation ended ten to twenty years ago, and none of the debts or relationships in the Previous Cases overlap with the current matter.  There is no "significant risk" that Bowen Klosinski's or Klosinski Overstreet's own interests or duties to another client, former client, or third person will materially and adversely affect the representation of Remodelers in this matter.  The Court fails to see how the interests of Klosinski Overstreet's former clients would impair Bowen Klosinski's independent professional judgment or in any way foreclose alternatives that would otherwise be available to Remodelers.  See In re Cabe & Cato, Inc., 524 B.R. at 880–81.

Rule 1.9 of the Georgia Rules of Professional Conduct addresses conflicts of interests with former clients and extends the protections of Rule 1.7 to former clients.  Id. at 881; Ga. Rules of Prof'l Conduct R. 1.9 cmt. 1 ("After termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client except in conformity with this rule.").  Rule 1.9 provides as follows in relevant part:

---

[2]  Petitioners do not always delineate the Professional Code they are citing, but attorneys practicing in the Southern District of Georgia are governed "by the Georgia Bar Rules of Professional Conduct and the American Bar Association's Model Rules of Professional Conduct.  When a conflict arises the Georgia Bar Rules of Professional Conduct shall control."  S.D. Ga. R. 83.5(d) (made applicable by Bankr. S.D. Ga. Uniformity of Practice); see United States v. Rasco, No. CR408-100, 2009 WL 1873804, at *2 (S.D. Ga. June 29, 2009).  For these reasons, the Court has cited the Georgia Bar Rules of Professional Conduct.

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person **in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
. . . .

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) **use information relating to the representation to the disadvantage of the former client** except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or
(2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client . . . .

Ga. R. of Prof'l Conduct 1.9 (emphasis added).

Disqualification under Rule 1.9 is appropriate if the Petitioners establish (1) the Petitioners and opposing counsel had a prior attorney-client relationship; (2) the present matter is "the same or substantially related" to the matter in which counsel previously represented the Petitioners; (3) the interests of the Petitioners and opposing counsel's current client are materially adverse; and (4) the Petitioners do not consent.  See In re Galardi, 644 B.R. at 72; In re Cabe & Cato, Inc., 524 B.R. at 882.

Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter . . . . Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying.  Information acquired in the prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related.

Ga. R. of Prof'l Conduct 1.9 cmt. 3; In re Galardi, 644 B.R. at 73–74.  Petitioners claim the current case is "substantially related" to the Previous Cases because of the following:

[t]his matter involves entities and debts tied to Petitioners' long-standing financial affairs and corporate interests—affairs which Scott Klosinski . . . provided legal advice and direct representation . . . . These [prior] representations involved sensitive financial and legal strategies directly tied to Petitioners' business structure, assets, and defenses. The current matter involves similar issues—including allegations of asset manipulation

6

and debt evasion.   The overlap in subject matter, factual background, and parties involved makes the relationship substantially related, particularly under Rule 1.9(b).

Dckt. No. 26 at 1–2 (emphasis omitted).

After considering the matters, the Court finds Rule 1.9 does not require disqualification of counsel.   The current case involves Petitioners' attempt to place Remodelers into an involuntary bankruptcy.   Dckt. No. 1.   Scott Klosinski's and Klosinksi Overstreet's involvement in the Previous Cases ended ten to twenty years ago.   Dckt. No. 38 ¶¶14–15.   When asked at the hearing how these matters are substantially related, Petitioners answered, "they're both bankruptcies."   However, the mere fact that the Previous Cases involved bankruptcy does not make these matters the same or substantially related, and Bowen Klosinski and Klosinski Overstreet are not de facto disqualified from representing Remodelers merely because of the previous representation of Faller, his late wife, and related entities. See Befekadu v. Addis Intern. Money Transfer, LLC, 772 S.E.2d 785, 788 (Ga. Ct. App. 2015) ("[A]n attorney is not prevented from taking employment in a case merely because he previously represented . . . an opposite party to the case.") (internal quotations omitted).

Petitioners also claim the Previous Cases "involved sensitive financial and legal strategies directly tied to the Petitioners' business structure, assets, and defenses" requiring disqualification. Dckt. No. 26 at 2.   However, assets and liabilities are required to be disclosed in bankruptcy schedules, so they are not confidential. In re Galardi, 644 B.R. at 73; see generally, 11 U.S.C. §521; Fed. R. Bankr. P. 1007(b), 1008.   Further, "knowledge of [a former client's] general financial information [] does not necessarily warrant disqualification where the subsequent matter is not substantially related to the prior matter."   In re Galardi, 644 B.R. at 74 (citing Duvall v. Bledsoe, 617 S.E.2d 601, 605 (Ga. Ct. App. 2005)); see also Samnick v. Goodman, 841 S.E.2d 468, 474 (Ga. Ct. App. 2020) ("It is true that the mere fact that an attorney has general financial information about a former client does not necessarily

7

warrant disqualification; as we have pointed out, the former client is still required to show a substantial relationship between the attorney's knowledge of her assets and the pending suit.") (internal quotations and citations omitted).  Given the passage of time, and the nature of the current matter, the Court fails to see how any information counsel may have gained in the Previous Cases could be material or advantageous in the current case.

There also is no evidence that any client confidences from the Previous Cases would be disclosed or used in the current case.  Petitioners acknowledge their purported debts in this case have no relationship to the Previous Cases.  The focus of involuntary bankruptcy proceedings is analyzing the solvency and conduct of the alleged debtor—Remodelers—and the claims against the estate.  See generally 11 U.S.C. §303(b), (h).  This is not the same, nor is it related, substantially or otherwise, to the Previous Cases, nor can any of this information be used to the former clients' disadvantage.  There is no material or logical connection between these matters, and no compelling or ethical reason to disqualify counsel.  For these reasons, disqualification pursuant to Rule 1.9 is not required.

Petitioners also contend Bowen Klosinski is disqualified under Rule 3.7, because he will be a necessary and material witness since he "[e]ngaged in direct negotiations with Petitioners; [a]dvised one of the Petitioners regarding settlement; [a]dmitted in writing to representing a dissolved entity; [and] [i]ssued correspondence and checks to one Petitioner personally."  Dckt. No. 26, at 2 (emphasis omitted).  At the hearing, Petitioners also claimed Remodelers' counsel will need to be called as a witness because he was involved in communications with Petitioners prior to being retained as counsel by Remodelers.

Rule 3.7(a) provides "[a] lawyer shall not advocate at a trial in which the lawyer is likely to be a necessary witness unless:  (1) the testimony relates to an uncontested issue; (2) the testimony relates

to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client . . . ." Ga. R. of Prof'l Conduct 3.7.[3] Petitioners have the burden of establishing that counsel "is likely to be a necessary witness by demonstrating that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." Clough v. Richelo, 616 S.E.2d 888, 891–92 (Ga. Ct. App. 2005) (internal quotations omitted).

At the hearing, Petitioners acknowledge they never thought Remodelers' counsel was representing either of them in the current matter. Nevertheless, they contend Bowen Klosinski will be a witness because he revealed information prior to being retained as counsel. However, they fail to show that this information is disputed, or related to a material question of fact, or not available to be established through other means.

Petitioners also take issue with Remodelers' counsel communicating with them and making settlement offers to them prior to the commencement of this case. They contend this conduct makes Remodelers' counsel "a necessary witness." Dckt. No. 26 at 2. However, Bowen Klosinski was not providing legal advice to Petitioners, he was "advising" Petitioners as to his client's legal position. Such activities are consistent with an attorney's representation and advocacy on behalf his client, not that of a factual witness. Furthermore, the corporate status of Remodelers and CSD Investments, LLC[4] and the content of any pre-engagement communications that may have occurred all appear to be undisputed and may be established through other means. Petitioners have not pointed to any rule of

---

[3] Petitioners cite to the American Bar Association's Model Rules of Professional Conduct 3.7, which is substantively the same as the Georgia Bar Rule of Professional Conduct 3.7. See supra note 2.

[4] CSD Investments, LLC has been discussed at the hearing and in various pleadings.

professional conduct which prevents such entities from having Bowen Klosinski serve as their legal counsel.

Additionally, "'Rule 3.7 does not preclude a lawyer from representing a client prior to trial, even if the lawyer is likely to be a necessary witness at trial.' . . . It is thus not applicable before trial where those concerns are not relevant.  If this case ultimately proceeds to trial, [Petitioners] may at that time[, and if appropriate,] seek the disqualification of [Remodelers'] counsel.  But at this stage in the litigation, Rule 3.7 does not provide a basis for doing so." Benton v. Zurich Am. Ins. Co., 2018 WL 11343519, at *2 (N.D. Ga. 2018) (citing Clough v. Richelo, 616 S.E.2d at 895).

For these reasons, the Court finds there are no grounds for disqualification, imputed[5] or otherwise, and Petitioners' Motion is ORDERED DENIED.

**[END OF DOCUMENT]**

---

[5] Since the Court finds no grounds for disqualification of counsel, there also are no grounds to impute disqualification pursuant to Rule 1.10 of the Professional Rules of Conduct.  Ga. R. of Prof'l Conduct 1.10 (Rule 1.10 provides "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so . . . .").