**IT IS ORDERED as set forth below:**

**Date: September 30, 2026**

Susan D. Barrett

United States Bankruptcy Judge
Southern District of Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE:<br><br>REMODELERS WAREHOUSE,<br>Alleged Debtor.<br>______________________________<br><br>TINA CARTER and JAMES S. FALLER, II,<br>Petitioners,<br><br>v.<br><br>REMODELERS WAREHOUSE,<br>Alleged Debtor.<br>______________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Involuntary Chapter 7 Case<br>Number 25-10257 |

**OPINION AND ORDER**

Before the Court are the following pro se motions filed by James S. Faller, II ("Faller") and orally joined in by Tina Carter ("Carter") (together, Faller and Carter are referred to as "Petitioners"):

1. A Renewed and Supplemented Motion to Disqualify Remodelers' Counsel and for Related Relief (Dckt. No. 103);

2. A Motion to Disqualify [Bowen Klosinski ("Klosinski") and Klosinski Overstreet, LLP ("Klosinski Overstreet") as counsel for the Alleged Debtor ("Remodelers") in this involuntary bankruptcy proceeding] (Dckt. No. 107); and

3. A Motion for Relief from Judgment, to Vacate Dismissal, for Fraud upon the Court, Misrepresentation, Misconduct, and to Reinstate Involuntary Petition Pursuant to Fed. R. Bankr. P. 9024, Fed. R. Civ. P. 60(b)(2), 60(b)(3), 60(d)(3), 11 U.S.C. §105(a), and the Court's Inherent Authority (Dckt. No. 137).

Collectively, the above motions and requests (Dckt. Nos. 103, 107, 137) are referred to as "Renewed Motions." Remodelers filed a brief in opposition. Dckt. No. 109. Petitioners also filed:

1. A Request for Judge to Reveal Possible Conflicts ("Recusal Motion") (Dckt. No. 122);

2. Motion to Stay All Proceedings Under 11 U.S.C. §303(i) Pending Adjudication of Motions to Vacate Judgment, Reinstate Involuntary Petition, and for Relief Based Upon Fraud Upon the Court (Dckt. No. 138) ("Stay Motion"); and

3. Notice of Filing Sworn Affidavit and Supporting Exhibits in Support of Motion for Relief from Judgment, to Vacate Dismissal, and to Reinstate Involuntary Petition (Dckt. No. 145).

The motions are denied after full consideration.

## FINDINGS OF FACT

Petitioners filed a pro se involuntary bankruptcy petition against Remodelers. Dckt. No. 1. Like many involuntary proceedings, these have been contentious proceedings, and the Court previously denied Petitioners' initial motion ("First Disqualification Motion") to disqualify Remodelers' counsel ("First Disqualification Order")[1] and dismissed the Petitioners' involuntary petition ("Summary Judgment Order"). See Dckt. Nos. 22, 43, 74. Subsequently, the Court denied Petitioners' motion to

[1] Petitioners incorrectly assert they withdrew the First Disqualification Motion prior to entry of the First Disqualification Order. Dckt. No. 103, at 2; Dckt. No. 107, at 5. At the July 9, 2025 hearing, Faller stated Petitioners had withdrawn the First Disqualification Motion; however, at that point the Court had already considered the matter and entered the First Disqualification Order.

alter or amend the Summary Judgment Order pursuant to Federal Rule of Bankruptcy Procedure 9023. See Dckt. Nos. 76, 80, 89.

Petitioners' Renewed Motions assert Remodelers' counsel should be disqualified because among other things:

1. Counsel misrepresented a dispositive fact (licensure);
2. Counsel is a necessary witness;
3. Counsel represents a defunct entity without authority;
4. Counsel's firm has a disqualifying prior relationship; and
5. Counsel and Remodelers have made misleading statements to, and filings with, the Court.

Dckt. No. 103, at 10.

Petitioners have renewed many of their previous arguments, contending new information shows the Summary Judgment Order was based on the false premise that Remodelers/Corbin Dickson[2] held a valid contractor's license, when in fact no such license was held by Remodelers/Dickson. Dckt. No. 103, at 1–4, 8–10; Dckt. No. 107, at 3; Dckt. No. 137, at 6–7. Petitioners submit the affidavit of Carter ("Carter Affidavit") and the following attached exhibits in support of their assertions:

1. "Exhibits A-1 through A-7 are true and correct copies of the contract documents, specifications, drawings, terms and conditions, payment schedule, and related documents provided by and executed with Remodeler's Warehouse concerning the work to be performed at [Carter's] residence . . . [;]"
2. "Exhibit A-8 is a true and correct copy of the island leg specification sheet referenced in the contract documents and provided as part of the project specifications[;]" and

[2] Corbin Dickson ("Dickson") is the controlling member of CSD Investments, LLC. Dckt. No. 10. Remodelers is a trade name of CSD Investments, LLC. Id. Petitioners also listed Dickson as an alias for Remodelers in the involuntary petition. Dckt. No. 1, at 1, Part 2 ¶ 3 ("Other names you know the debtor has used in the last 8 years.").

> 3. "Exhibits B-1 through B-3 are true and correct copies of checks and/or proof of payment made by [Carter] to Remodeler's Warehouse for the residential contracting work described in the contract documents."

Dckt. No. 145-1. Petitioners further assert new evidence and submit the affidavit of Michael W. McClain ("McClain Affidavit") to show that Remodelers' counsel should be disqualified from representing Remodelers in these proceedings. Dckt. Nos. 103, 107, 107-1. Overall, the Renewed Motions state they are based on "newly confirmed facts" establishing:

> This Court's prior ruling rests on a factual premise that is now demonstrably false. The dismissal of the involuntary petition was predicated on the existence of a "bona fide dispute" under 11 U.S.C. § 303, relying heavily on the testimony of Corbin Dickson and the representations of [Remodelers'] counsel.

Dckt. No. 103, at 1 (emphasis omitted); <u>see also</u> Dckt. No. 137, at 1–3, 6–9. Petitioners further contend among other things:

> 1. A prior attorney-client relationship between [Faller] and the Klosinski [Overstreet] firm;
> 2. A substantial relationship between that prior representation and the present matter;
> 3. The absence of any informed written waiver; and
> 4. [Klosinski's] involvement in disputed factual matters mak[es] him a likely witness.
>
> These facts are independently corroborated by the Affidavit of Attorney Michael W. McClain [] and directly impact both the integrity of these proceedings and [Remodelers'] pending claims for sanctions.

Dckt. No. 107, at 1. Petitioners also assert the Court should consider sanctions against Remodelers' counsel due to alleged misrepresentations and fraud upon the Court. Dckt. No. 137, at 12–13, 17.

Petitioners' Recusal Motion also asserts potential bias, improper conduct, lack of impartiality, and issues related to these proceedings. Dckt. No. 122. Petitioners' Stay Motion asserts grounds for a stay of all proceedings related to the consideration of 11 U.S.C. §303(i) damages, based on matters raised in the Renewed Motions. Dckt. No. 138.

## CONCLUSIONS OF LAW

**Renewed Motions.**

The First Disqualification Order and Summary Judgment Order were entered previously in this case in July 2025 and December 2025, respectively. Dckt. Nos. 43, 74. Motions for post-judgment relief are permissible under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. In re Miller, No. 13-76000, 2015 WL 1743277, at *1 (Bankr. N.D. Ga. Apr. 13, 2015). Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). After considering the matter, and for the reasons set forth below and in the Court's First Disqualification Order and Summary Judgment Order, the Court does not find any Rule 60(b) or other grounds to grant relief from its previous orders.

**Petitioners Have Not Shown Newly Discovered Evidence – Rule 60(b)(2).**

In the Eleventh Circuit, courts consider the following five-part test regarding Rule 60(b)(2) relief:

> (1) the evidence must be newly discovered since the trial [or final judgment or order];

> (2) due diligence on the part of the movant to discover the new evidence must be shown;
> (3) the evidence must not be merely cumulative or impeaching;
> (4) the evidence must be material; and
> (5) the evidence must be such that a new trial [or reconsideration of the final judgment or order] would probably produce a new result.

Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1274 (11th Cir. 2014) (alterations in original) (quoting Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003)). These elements must be strictly met. See Waddell, 329 F.3d at 1309 (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)). The evidence must actually be new and material. See Raspa v. Dawkins (In re Dawkins), 546 B.R. 463, 466 (Bankr. M.D. Fla. 2016); Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987) ("[E]vidence cannot be 'newly discovered' under Rule 60 if it is in the possession of the moving party . . . prior to the entry of judgment."). In the current proceedings, Petitioners have not shown that the "new evidence" regarding the licensure status was not discoverable with due diligence at the time the previous arguments were presented and the orders entered. Nor have Petitioners presented any other new or material evidence that would produce a different result.

Petitioners allege Remodelers/Dickson failed to hold the proper license(s) to perform the construction work that led to Petitioners' filing the involuntary petition and that Remodelers' counsel "represented that a license existed, promised to produce it, and never did" and "unequivocally stated that [] [a] license existed; and [d]ocumentation would be produced." Dckt. No. 103, at 2–3. Petitioners also allege the Court relied on the representations of Klosinski and the testimony of Dickson regarding the status of the licensure that now allegedly have been shown to be materially false. See Dckt. No. 103, at 1–3.

First, contrary to Petitioners' assertion, Remodelers' counsel made no such assertion(s) in court. Second, contrary to Petitioners' assertion, Dickson actually expressly testified at the August 7, 2025 summary judgment hearing, in response to questioning by Faller, that he did not have a license, nor was he a licensed contractor. Third, the licensure status is publicly available information Petitioners could have discovered with due diligence prior to the hearings and entry of the orders. Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987) ("Evidence that is contained in the public records at the time of trial [or final judgment or order] cannot be considered newly discovered evidence."). Next, and most importantly, when considering the summary judgment motion and issuing its order, the Court understood Remodelers/Dickson did not hold a license. Accordingly, the status of the license would not produce a different result. For these reasons, the Court does not find the status of the licensure to be Rule 60(b)(2) grounds for relief from the prior orders.

The Court also finds Petitioners have failed to show their other asserted reasons for disqualifying counsel are grounds under Rule 60(b)(2) for relief from the prior orders. See Dckt. No. 103; Dckt. No. 107; Dckt. No. 137. Petitioners reassert their arguments that Klosinski has a disqualifying prior relationship with Faller because a member of Klosinski Overstreet spoke with counsel representing Faller in two other Kentucky cases, as outlined in the McClain Affidavit, and Klosinski referenced one of these Kentucky matters in Remodelers' supplement to its motion for judgment (Dckt. No. 97). Dckt. No. 103, at 4–10; Dckt. No. 107, at 1–5; Dckt. No. 107-1; see also Dckt. No. 109, at 4–5. As set forth herein and in the First Disqualification Order, Remodelers' counsel's reference to information publicly available in a case does not make that matter "the same or substantially related" to this involuntary proceeding nor does the information set forth in the McClain Affidavit. See Ga. R. Prof'l Conduct 1.9(a), (c) ("A lawyer who has formerly represented a client in a

matter shall not thereafter represent another person in the same or a substantially related matter . . . [or] use information relating to the representation to the disadvantage of the former client except . . . when the information has become generally known . . . .") (emphasis added); see also id. cmt. 3 ("Information that has been disclosed to the public . . . ordinarily will not be disqualifying."). Furthermore, such information is not new and/or material to the previous orders or matters before the Court and would not change the Court's previous orders.

In addition, Petitioners argue Klosinski misrepresented factual information to this Court about a defunct entity when he included Kubota equipment and credit repair claims in Remodelers' filings related to damages.[3] Dckt. No. 103, at 4–5, 8; Dckt. No. 137, at 11. Petitioners also continue to argue Kloskinski is a necessary witness. Dckt. No. 103, at 4; Dckt. No. 107, at 3. As set forth herein and in the First Disqualification Order, such assertions about Remodelers' counsel's conduct or status as a necessary witness are not grounds for disqualification and would not change the outcome of the Court's previous rulings in the First Disqualification Order or the Summary Judgment Order. See Dckt. Nos. 43, 74. These arguments are not based on "newly discovered evidence" pursuant to Rule 60(b)(2). In the Eleventh Circuit "the evidence must be such that a new trial [or reconsideration of the final judgment or order] would probably produce a new result." Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d at 1274 (alternations in original).

---

[3] Remodelers subsequently filed an amended motion for judgment against Petitioners in which it withdrew any claim for actual damages related to the Kubota equipment and credit repair. See Dckt. No. 131, at 1.

In addition, the arguments involving the Kubota equipment and credit repair claims have nothing to do with the matters considered in the Summary Judgment Order and are not grounds for disqualification.

**Petitioners Have Not Established Misrepresentations by Remodelers' Counsel or a Fraud Upon the Court – Rule 60(b)(3) and 60(d)(3).**

Petitioners also assert Remodelers' counsel misrepresented the licensure status, incorrectly cited cases, filed false damages claims, and has "mislead[] the Court on a dispositive issue" entitling them to relief pursuant to Rule 60(b)(3) and 60(d)(3). Dckt. No. 103, at 2–7; Dckt. No. 107, at 3–4; Dckt. No. 137.

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), [Petitioners] must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. [Petitioners] must also demonstrate that the conduct prevented them from fully presenting [their] case." Waddell, 329 F.3d at 1309 (internal citation omitted). "Evidence of an opposing party's carelessness is insufficient to justify relief." Attea v. Univ. of Miami, 678 F. App'x 971, 974 (11th Cir. 2017) (citing First Nat'l Life Ins. Co. v. Cal. Pac. Life Ins. Co., 876 F.2d 877, 883 (11th Cir. 1989)). After consideration, the Court finds Petitioners have not demonstrated any fraud, misrepresentation, or misconduct occurred that would merit reconsideration.

Petitioners argue Remodelers' counsel "has attempted to prejudice this Court by distorting and misrepresenting prior litigation involving [Faller]." Dckt. No. 103, at 5. The Court does not find Remodelers' counsel's citation to cases in the public record to be fraudulent, a misrepresentation, or an improper "distortion." Furthermore, Klosinski's reference to this prior litigation is in regards to the Court's consideration of damages under 11 U.S.C. §303(i) and whether the involuntary petition was filed in bad faith, not the Summary Judgment Order that Petitioners are currently challenging. See 11

U.S.C. §303(i) ("[T]he court may grant judgment . . . against any petitioner that filed the petition in bad faith . . . [.]") (emphasis added). Fundamentally, the Summary Judgment Order focused solely on whether Petitioners satisfied the provisions of 11 U.S.C. §303(b). The Court found they did not and dismissed the involuntary case. See Dckt. No. 74. Petitioners' conduct in this case speaks for itself and will be considered with all other arguments and any counter-arguments relevant to the 11 U.S.C. §303(i) proceedings, as expressly reserved by Remodelers. See Dckt. No. 74, at 21; Dckt. No. 9, at 6–7; Dckt. No. 56, at 3; Dckt. No. 65, at 2.

As to any incorrect citations or mis-cited references, the Court finds them immaterial to the substance of the previous orders. Both parties have made numerous citational errors,[4] but such errors have not impeded the Court's consideration of the merits of these proceedings.

The Court turns next to Rule 60(d), which provides:

> This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

> Where relief from a judgment is sought for fraud on the court, the movant must establish by clear and convincing evidence the adverse party obtained the verdict through fraud. Booker v. Dugger, 825 F.2d 281, 283-84 (11th Cir. 1987). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not

[4] See, e.g., Dckt. No. 97, at 3 n.2 (Klosinski's incorrect citation to "(E.D. Ky.)" when citing Irvin v. Faller (In re Faller), 547 B.R. 766 (Bankr. W.D. Ky. 2016)); Dckt. No. 103, at 2–3 (Faller citing the incorrect reporters and year for JR Constr./Elec., LLC v. Ordner Constr. Co., 669 S.E.2d 224 (Ga. Ct. App. 2008)). All parties are reminded of their Rule 9011 certifications regarding the pleadings and conduct.

> serve to raise the issue of the existence of fraud." Council v. Am. Federation of Gov't Employees (AFGE) Union, 559 Fed. Appx. 870, 872 (11th Cir. 2014) (citations omitted).

Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc., No. CV 09-00169, 2017 WL 2536721, at *3 (S.D. Ala. May 30, 2017), report and recommendation adopted, No. CV 09-00169, 2017 WL 2533446 (S.D. Ala. June 9, 2017), aff'd, 743 F. App'x 390 (11th Cir. 2018) (finding defendant did not demonstrate, by clear and convincing evidence, that plaintiff obtained default judgment through fraud on the court when defendant asserted plaintiff's attorney was not candid with the court and did not include any exhibits with the complaint validating the alleged debt, among other assertions). In this case, Petitioners have not shown by clear and convincing evidence that Remodelers' counsel, or any party, committed fraud upon the Court.

For these reasons, the Court does not find any grounds under Rule 60(b)(3) or Rule 60(d)(3) for granting the Renewed Motions.

**Petitioners Do Not Offer Any Other Grounds for Relief – Rule 60(b)(6) or Otherwise.**

Rule 60(b)(6) applies to cases that do not fall into any of the other Rule 60(b) categories. In re Dawkins, 546 B.R. at 466 (quoting United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala., 920 F.2d 788, 791 (11th Cir. 1991) (citing Klapprott v. United States, 335 U.S. 601, 614–15 (1949)). "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)–(5), those reasons will not justify relief under Rule 60(b)(6)." 12 James Wm. Moore et al., Moore's Federal Practice, § 60.48 (3d ed. updated Sept. 2026). "When courts grant relief under Rule 60(b)(6), they often explicitly note how the circumstances on which they base relief are 'extraordinary' by showing how they fail to fall within the ambit of any other provision of Rule 60(b)." Id. (emphasis in original). As Petitioners' Renewed

Motions could be considered under Rule 60(b)(2) and Rule 60(b)(3), and they fail to present extraordinary circumstances, the Court does not find any Rule 60(b)(6) grounds to reconsider its prior orders. Furthermore, for the reasons discussed in this Opinion and Order, even if the Court considered the Renewed Motions under Rule 60(b)(6), there are no reasons to disqualify Remodelers' counsel or reconsider the Summary Judgment Order. The Court has fully considered the Petitioners' arguments and finds no reason to alter the conclusions of its previous orders.

Without restating the Court's previous findings, the Summary Judgment Order solely focused on whether Petitioners satisfied the provisions of 11 U.S.C. §303(b). The Court found there was no genuine issue of material fact that the claims of the Petitioners, other than Carter's judgment, were the subject of a bona fide dispute and thus that they did not meet the requirements of §303(b) and, based on this finding, dismissed the involuntary case. See Dckt. No. 74. Involuntary bankruptcy proceedings are governed by the provisions of 11 U.S.C. §303, under which courts engage in a limited analysis of petitioning creditors' claims to determine if a bona fide dispute exists, but they are not to resolve the actual outcome of the dispute. See In re Adams, No. 2:22-BK-00820, 2022 WL 5238941, at *2 (Bankr. M.D. Fla. Oct. 6, 2022); In re Int'l Oil Trading Co., LLC, 545 B.R. 336, 349 (Bankr. S.D. Fla. 2016) ("[T]he statute does not require the court to determine the outcome of any dispute, only its presence or absence."); In re SFR ATL OWNER 1, L.P., No. 26-30246, 2026 WL 1328528, at *2 (Bankr. N.D. Ohio May 12, 2026) ("If [petitioning creditor] is seeking to vindicate disputed claims, an involuntary bankruptcy is the wrong forum to attempt to litigate such disputes. Instead, involuntary bankruptcy is a potential remedy after the disputed claims have been resolved in other court proceedings."); In re Tobacco Rd. Assocs., LP, No. 06-CV-2637, 2007 WL 966507, at *6 (E.D. Pa. Mar. 30, 2007) ("[T]he Bankruptcy Judge dismissed the involuntary petition, because the Bankruptcy Court is not the correct

venue for adjudicating the disputed claims alleged by the petitioning creditors. Under the Bankruptcy Code, involuntary petitions are appropriate only when the creditors' claims are undisputed. Disputes about whether a debt is owed are best resolved in courts of general jurisdiction . . . ."). Petitioners clearly disagree with the conclusions set forth in the Court's First Disqualification Order and Summary Judgment Order, but the remedy for such disagreements is the timely appeal of those orders.

**Recusal Motion.**

Petitioners also question the Court's impartiality in this case. Section 455 of the Judicial Code requires a judge to disqualify herself in "any proceeding in which h[er] impartiality might reasonably be questioned" or "where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1); Fed. R. Bankr. P. 5004 ("A bankruptcy judge's disqualification is governed by 28 U.S.C. § 455.").

The standard for recusal is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (quoting United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)) (internal quotation marks omitted). "The test for recusal is objective, not subjective." In re Hepburn, No. 25-57411, 2025 WL 3016748, at *1 (Bankr. N.D. Ga. Oct. 28, 2025) (citation omitted). The challenged judge may rule on a recusal motion. Id. (citations omitted). The United States Supreme Court explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Literky v. United States, 510 U.S. 540, 555 (1994). After consideration, the Court does not find any grounds to recuse or disqualify from these proceedings.

Petitioners contend this Court's failure to rule on outstanding conflicts and disqualification issues raised in the Renewed Motions as well as alleged "fraud upon the court" concerning representations made by Remodelers and its counsel show the judge should disqualify herself because her impartiality might reasonably be questioned, or because it shows a personal bias or prejudice to the Petitioners. Dckt. No. 122, at 2–8. Petitioners further state:

- "With the encouragement of the Court, [] Klosinski began a new level of misconduct." Id. at 3.
- "Delaying determination of direct conflict issues and fraud-on-the court allegations while simultaneously proceeding toward sanctions and damages raises substantial due process concerns regarding the right to an impartial tribunal." Id. at 4–5.
- "[B]y this Court continuing on in the damages the Court has refused to look at the reality that no damages exist and in fact [Remodelers'] real situation now negates this Court's Opinion in its dismissal of the involuntary chapter 7. As bad as that is, it also tends to conceal other factual issues of conduct by Klosinski. This Court has been presented with direct evidence of conflict and fraud by [Remodelers] and [Remodelers'] counsel. The Petitioners have a right to be heard on these issues and to be protected from direct misconduct." Id. at 6.
- "This Court has refused to hear highly relevant issues, made rulings Petitioners respectfully contend are inconsistent with the evidentiary record, advised [Remodelers'] [c]ounsel and has continued on towards damages when in fact they would not be possible, but for the refusal to hear the evidence." Id.
- "Petitioners further respectfully show that pursuing sanctions and damages allegedly on behalf of a defunct entity while refusing to hear evidence directly impacting standing, damages, and licensure further creates the appearance that proceedings are no longer focused on the merits, but instead upon punishment of the Petitioners. Such an appearance undermines public confidence in the judiciary in violation of Canon 2 of the Code of Conduct for United States Judges." Id. at 8.

Based on the record in this case, Petitioners' contentions are baseless.

First, Petitioners' contention that this Court "encouraged" Remodelers' counsel to commit misconduct is patently incorrect, as is their allegation that this Court's actions were to improperly

punish the Petitioners. In accordance with the Bankruptcy Code's involuntary case provisions of 11 U.S.C. §303, Remodelers expressly requested and reserved its 11 U.S.C. §303(i) claims should the Court dismiss the involuntary petition. See Dckt. No. 9, at 6–7 ("Reservation of Rights Under 11 U.S.C.[] §303(i)"); Dckt. No. 56, at 3 ("Re[modeler]s reserve[s] the right to request that the Court for [sic] an award of attorney's fees, costs, damages, and punitive damages pursuant to 11 U.S.C.S [sic] §303(i). . . . Re[modeler]s respectfully pray[s] for relief . . . That Re[modeler]s be awarded a judgment for costs and attorneys' fees under section 303(i)(1) and damages as provided by section 303(i)(2)"); Dckt. No. 65, at 2 ("[Remodelers] prays that this Court enter judgment in favor of [Remodelers] . . . [and a]ward [Remodelers] damages and attorneys' fees pursuant to §303(i) . . . ."); Dckt. No. 74, at 21 ("Court reserves jurisdiction to consider any §303(i) matters, as expressly reserved by Remodelers."). The procedures the Court employed merely track the statute and pleadings. Petitioners may disagree with the conclusions, but these are not grounds for judicial disqualification or recusal.

Second, Petitioners' allegations regarding Remodelers' and Klosinksi's purported representations and fraud upon the Court with respect to the status of its licensure also are incorrect. In issuing the Summary Judgment Order, the Court understood neither Remodelers nor Dickson held a license. At the summary judgment hearing, the Court understood Dickson to testify under oath that he was not a licensed contractor when asked by Faller if he had a license. Thus, the record does not support Petitioners' allegations on this matter on the representations regarding the status of the licensure.

Furthermore, as such evidence, or understanding, was already before the Court prior to its ruling on the summary judgment motion, it is not grounds for judicial disqualification. Again, Petitioners' disagreement with the Court's Summary Judgment Order is not grounds for judicial disqualification or

recusal. "Adverse rulings are grounds for appeal but rarely are grounds for recusal." Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1311 (11th Cir. 2008).

Petitioners' case management issues also are not grounds for disqualification. Allston v. DeSantis, No. 6:24-CV-1085, 2025 WL 2841139, at *2 (M.D. Fla. Oct. 7, 2025) ("P[arty]'s disagreement with the undersigned's case management or when motions are decided does not warrant relief."); Hudson v. Macon Bibb Plan. & Zoning Comm'n, No. 5:24-CV-00259, 2025 WL 1839947, at *5 (M.D. Ga. July 3, 2025) ("Routine case administration efforts, 'including the time it takes to consider and rule on motions . . . are not proper grounds for recusal.'") (quoting Whitest v. Crisp Cnty. Sch. Dist., No. 1:17-CV-109 (LAG), 2022 WL 21841606, at *3 (M.D. Ga. Mar. 3, 2022), aff'd, No. 22-11826, 2023 WL 8627498 (11th Cir. Dec. 13, 2023)); see also Wood v. Frederick, No. 21-12238, 2022 WL 1742953, at *4 (11th Cir. May 31, 2022) ("Even assuming that certain case management orders by the district court asymmetrically disadvantaged [a party], such actions cannot reasonably call into doubt the judge's impartiality.") (citing United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004)); In re Vital Pharms., Inc., No. 22-17842, 2025 WL 1617545, at *4 (Bankr. S.D. Fla. June 6, 2025) (finding that "[t]he Supreme Court has made clear" that a claim "premised on adverse rulings, firm case management, and efforts to maintain procedural discipline" is not a basis for recusal). The procedures followed in this case align with the provisions of 11 U.S.C. §303 and reflect the Court's efforts to manage the case-related issues arising in this case in an efficient manner, affording all parties due process and in compliance with the provisions of the Bankruptcy Code.

Finally, the Court knows of no grounds for which its impartiality in these proceedings may be questioned. Petitioners have been afforded every opportunity to assert their claims in this matter. They

may disagree with the Summary Judgment Order in dismissing the involuntary bankruptcy case or with the Court's case management, but these are not grounds for judicial disqualification.

**Other Matters.**

Petitioners also request a stay of all proceedings related to damages. Dckt. No. 138. For the reasons set forth herein, the Court finds no reason under its inherent powers or section 105(a) of the Bankruptcy Code or otherwise to stay any of these proceedings or reconsider its prior orders.

In the Renewed Motions Petitioners also request sanctions against Remodelers' counsel under Federal Rule of Bankruptcy 9011, section 105(a) of the Bankruptcy Code, and this Court's inherent powers. Dckt. No. 137, at 12–14, 17. For the reasons set forth herein, the Court finds no evidence of sanctionable conduct as to Remodelers' counsel and finds no reason to sanction Remodelers' counsel.

In conclusion, the Court has read all Petitioners' filings and considered all Petitioners' arguments related to the Renewed Motions, Recusal Motion, and Stay Motion. To the extent not previously discussed herein, given the facts of this case and for the reasons set forth herein, the Court finds no reason in the Bankruptcy Code, Federal Rules of Bankruptcy/Civil Procedure, or the Court's inherent authority to grant the relief requested. For these reasons, the Renewed Motions, Recusal Motion, and Stay Motion are ORDERED DENIED. The Clerk is directed to set a hearing to consider the 11 U.S.C. §303(i) matters expressly reserved by Remodelers and other matters.

**[END OF DOCUMENT]**